UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RICHARD LEE HILLYER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, R.C.P.D., and GRANT SCANE,<br><br>Defendants. | 5:23-CV-05031-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff was a state court pretrial detainee at the Pennington County, South Dakota, jail at the time he filed this complaint. He is now residing at the South Dakota State Penitentiary. He has filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is not required to make an initial partial filing fee.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's

pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

Plaintiff states in his *pro so* pleadings that, on October 11, 2021, defendant Grant Scane used excessive force by using a "choke hold" upon plaintiff, resulting in serious bodily injury and life-threatening harm to plaintiff. Plaintiff also contends that he was wrongfully convicted in his October 25, 2022, state court criminal trial, which claimed wrongful conviction was "for the purpose of prejudicing his police brutality claim. Finally, plaintiff claims that, on April 7, 2023, his legal mail was unlawfully opened. Plaintiff seeks to have officer Scane removed from the Rapid City Police force and placed under arrest, just compensation, and to "expunge" the 10-25-2022 trial."

Plaintiff's complaint makes little sense without reference to his state court criminal records. I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal.

Defendant was arrested on October 11, 2021, in Pennington County, South Dakota, and charged with aggravated assault against a law enforcement officer, possession of methamphetamine, possession of alprazolam, obstructing police, jailer, or firefighter, and displaying another's license as one's own. A habitual offender information was also filed. 51CRI21-004457. The jury trial was held on October 25, 2022, and defendant was convicted of all counts but assault against a law enforcement officer. He admitted the habitual offender information. He was sentenced on August 17, 2023, to concurrent terms of 15 years and ten years on the drug charges, and 1 year on each of the other charges. He did not appeal these convictions or sentences to the South Dakota Supreme Court. He filed his federal complaint after his trial but prior to sentencing.

2

While defendant was awaiting trial in the above case, he was charged on October 25, 2022 with possession of unauthorized articles in jail and making a false report to authorities. A habitual offender information was also filed. 51CRI22-004275. That case was tried on July 7, 2023, on the unauthorized articles in jail count only and defendant was convicted of that offense. He admitted the habitual offender information. He was sentenced on August 17, 2023, to 25 years imprisonment, concurrent with the sentences imposed in 51CRI21-004457. He appealed that conviction and sentence to the South Dakota Supreme Court and that case is still pending.

The United Sates Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005) (*quoting* Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Further, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (*quoting* Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997)). Plaintiff's claims that he was "wrongfully convicted" are seeking to challenge his state court convictions and sentence and are not cognizable in a § 1983 action. He must seek appropriate state court habeas relief instead. Wilkinson v. Dotson, 544 U.S. at 78, 125 S.Ct. at 1245.

Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violation of a constitutionally protected right in connection with the claimed wrongful convictions.

Plaintiff claims his legal mail was opened outside his presence. The United States Court of Appeals for the Eighth Circuit has set forth the standard to be applied to inmate complaints alleging legal mail was opened.

> In the prison context, we have observed that privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner. But we have never held or suggested that an isolated, inadvertent

3

> instance of opening incoming confidential legal mail will support a § 1983 damage action. Instead, we have found that an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation.

Beaulieu v. Ludeman, 690 F.3d 1017, 1037 (8th Cir. 2012) (quotations and citations omitted).

In this case, plaintiff has alleged an isolated incidence of opening incoming mail. He claims the mail was from the American Civil Liberties Union ("ACLU"). It is not clear that such mail was in fact legal mail. Plaintiff has not alleged that he suffered any actual injury as a result of the isolated instance of opening his legal mail outside his presence. Plaintiff has not alleged that the opening of his legal mail interfered with his then-pending state criminal case. Absent any claim of "improper motive or resulting interference with the inmate's right to counsel or to access to the courts," an isolated incident "does not give rise to a constitutional violation." Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997), citing Morgan v. Montanye, 516 F.2d 1367, 1372 (2nd Cir. 1975) (absent any claim that counsel's effectiveness in representing plaintiff was impaired or that plaintiff's right of access to the courts was chilled, plaintiff's complaint is properly dismissed).

Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violation of a constitutionally protected right in connection with the claimed isolated incident of opening his legal mail outside his presence.

Plaintiff has filed a motion to remand this case to the Seventh Circuit, Pennington County. This case was not removed from state court so no remand is authorized. However, plaintiff's request is in the nature of a motion to dismiss to allow him to pursue his excessive force claim, along with any other state law claims, in state court. It will be construed as a motion to dismiss his federal court claims.

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. Plaintiff's motion, Doc. 5, to appoint counsel, is denied as moot.

5. Defendant's motion to dismiss and allow him to pursue his claim in state court, Doc. 8, is granted.

6. This matter is dismissed without prejudice.

DATED this 22nd day of March, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge